**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**




**FILED**

Aug 06 2012, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK K. PHILLIPS**
Law Office of Mark K. Phillips
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRIAN L. MILLARD, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No.  87A01-1201-CR-18 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE WARRICK SUPERIOR COURT NO. 2
The Honorable Robert R. Aylsworth, Judge
Cause No. 87D02-1107-CM-626

**August 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## STATEMENT OF THE CASE

Brian L. Millard appeals his conviction for criminal recklessness, as a Class A misdemeanor, following a bench trial. Millard presents two issues for review, which we restate as whether the evidence is sufficient to support his conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On the afternoon of June 8, 2011, Anna Millard Lehr was driving on Third Street in Boonville. Suddenly, a short-bed gray pickup truck traveling on Third Street toward her crossed into her lane. The truck's passenger's side wheels were on the yellow center line, and the driver's side wheels were completely in Lehr's lane. To avoid a collision, Lehr cut sharply to the right, causing her vehicle to go up on a curb and "barely miss[] the telephone pole." Transcript at 4. At that point she was near the Third Street Pantry gas station.

Lehr exited her car briefly and then called the police. While on the phone, she drove to the Boonville Police Station near the town square. While driving she observed that the gray truck had turned around and was following her. But before she reached the square, she looked in her rearview mirror and the truck was no longer there. At the police station she made a report of the incident. In the report she identified Millard, her ex-husband, as the driver of the gray truck. Lehr had obtained a protective order against Millard in September 2010, which was still in effect.

Lehr then returned to the Pantry, where she saw Kelly Wyrick, who said she had witnessed the incident. Wyrick also filled out a statement for police, stating that she had seen

2

a gray pickup truck swerve into Lehr's lane, causing Lehr to drive up onto the curb. And in the statement prepared by Officer Jerry Abshire of the Boonville Police Department, Officer Abshire related that Wyrick identified Millard as the driver of the gray truck. On later dates, Millard texted Lehr about the incident, indicating that he had swerved into her lane only because he had dropped his cell phone.

The State charged Millard with criminal recklessness, as a Class A misdemeanor, and invasion of privacy, as a Class B misdemeanor. Following a bench trial, the court found Millard guilty on both counts and sentenced him to one year in the Indiana Department of Correction suspended to one year of non-reporting probation. Millard now appeals his criminal recklessness conviction.

## DISCUSSION AND DECISION

Millard contends that the evidence is insufficient to support his conviction for criminal recklessness, as a Class A misdemeanor. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

To prove the offense, the State was required to show beyond a reasonable doubt that Millard "recklessly, knowingly, or intentionally perform[ed] an act that create[d] a substantial

3

risk of bodily injury to" Lehr and that the conduct included the use of a vehicle. Ind. Code §

35-42-2-2(b)(1), (c)(1). Millard challenges the sufficiency of evidence regarding his identity

as the driver of the gray truck and regarding his intent to harm Lehr. We consider each

argument in turn.

The probative evidence supporting the judgment shows that Lehr was driving on Third

Street when a gray pickup truck crossed into her lane, causing her to sharply turn right and

drive up onto the curb. Lehr identified Millard as the driver of the truck. She also testified

that Millard had subsequently texted her, admitting that he had been driving the truck but

claiming that he had dropped his phone. But Wyrick witnessed the event and saw the driver

sitting upright behind the truck's steering wheel.

Millard contends that the evidence is insufficient to show that he was the driver of the

pickup truck. In support, he points out that Wyrick gave three different versions of the

incident. But that argument amounts to a request for us to reweigh the evidence, which we

will not do. See Jones, 783 N.E.2d at 1139. Millard also questions the credibility or weight

of other evidence, but he does not address Lehr's identification of him as the truck's driver.

The evidence is sufficient to show that Millard was driving the gray pickup when it swerved

into Lehr's lane.

Millard also contends that "[t]here was absolutely no evidence that [Millard] had

formed an intent to harm" Lehr. Appellant's Brief at 7. Millard misconstrues the elements

of criminal recklessness. Indiana Code Section 35-42-2-2 requires the State to show that he

"recklessly, knowingly, or intentionally perform[ed] an act that create[d] a substantial risk of

bodily injury to another person[.]" The State can meet that burden by showing reckless or knowing conduct, not just intentional conduct. Id. Nor must the State show that Millard intended the harm, only that he created a substantial risk of bodily injury. See id. The evidence here is sufficient to show that Millard recklessly, knowingly, or intentionally created a substantial risk of bodily injury when he drove into Lehr's lane of traffic, causing her to turn sharply and quickly to the right and drive up onto a curb, nearly hitting a telephone pole. Millard's contention that the evidence is insufficient to support his conviction must fail.

Affirmed.

RILEY, J., and CRONE, J., concur.